UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK                    15 CV 3412
---------------------------------------------------------X
KEISHA CORBETT &
ANTHONY CORBETT,

                Plaintiff(s),                    **FIRST AMENDED**
                                                  **COMPLAINT &**
   v.                                                  **JURY DEMAND**

THE CITY OF NEW YORK,
NEW YORK CITY POLICE OFFICER
MELCHOR ALBAN, Shield # 8328, 75th Precinct,
NEW YORK CITY POLICE SERGEANT
PAUL MUGGEO, Shield # 1298, 75th Precinct,
NEW YORK CITY POLICE OFFICER
JAMES SEDER, Shield # 6788, 75th Precinct,
NEW YORK CITY POLICE DETECTIVE
JOSEPH WELDON, TAX No. ****93, 113th Precinct,

                Defendant(s).
---------------------------------------------------------X

## PRELIMINARY STATEMENT

1. This is a Civil Rights action in which Plaintiffs, KEISHA CORBETT and ANTHONY CORBETT, seek redress for the Defendants' violation of rights secured by the Civil Rights Act of 1866 and 1871, 42 U.S.C. 1983 and of the rights secured by the Fourth Amendment, and by the Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution and/or rights secured by under the laws and Constitution of the State of New York.

## JURISDICTION

2. Jurisdiction is conferred upon this Court by 28 U.S.C. Sections 1331, 1343(3), this being an action seeking redress for the violation of Plaintiff's Constitutional and Civil Rights. The amount

of damages in controversy exceeds One Hundred and Fifty Thousand ($150,000.00) Dollars, exclusive of interest and costs.

3. Plaintiffs' claims for declaratory and injunctive relief are authorized by 28 U.S.C. Sections 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure.

4. The Plaintiffs further invoke this Court's pendant jurisdiction, pursuant to 28 U.S.C. Section 1367(a), over any and all State claims and as against all parties that are so related to claims in this action within the original jurisdiction of this Court that they form part of the same case or controversy.

5. The Plaintiffs demand a trial by jury on each and every one of the claims pleaded herein.

## VENUE

6. Venue is proper for the United States District Court of the Eastern District of New York pursuant to 28 U.S.C. Sections 1391 (a), (b) and (c).

## PARTIES

7. The Plaintiffs, KEISHA CORBETT and ANTHONY CORBETT are United States Citizens and residents of the United States, and are and at all times relevant herein residents of the State of New York.

8. Defendants, NEW YORK CITY POLICE OFFICER MELCHOR ALBAN, Shield Number 8328, NEW YORK CITY POLICE SERGEANT PAUL MUGGEO, Shield Number 1298, NEW YORK CITY POLICE OFFICER JAMES SEDER, Shield Number 6788, and NEW YORK CITY POLICE DETECTIVE JOSEPH WELDON, upon information and belief of the 75th Precinct and 113th Precincts, respectively, are and at all times relevant, officers and employees/agents of THE

NEW YORK CITY POLICE DEPARTMENT, a municipal agency of Defendant CITY OF NEW YORK. Defendant(s), NEW YORK CITY POLICE OFFICER ALBAN, NEW YORK CITY POLICE SERGEANT MUGGEO, NEW YORK CITY POLICE OFFICER SEDER and NEW YORK CITY POLICEDETECTIVE WELDON, are sued individually and in their official capacities. At all times relevant, Defendant(s), NEW YORK CITY POLICE OFFICER ALBAN, NEW YORK CITY POLICE SERGEANT MUGGEO, NEW YORK CITY POLICE OFFICER SEDER and NEW YORK CITY POLICE DETECTIVE WELDON were acting under the color of State Law in the course and scope of their duties and functions as agents, servants, employees and Officers of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK and otherwise performed and engaged in conduct incidental to the performance of their lawful duties. Defendant(s), NEWYORK CITY POLICE OFFICER ALBAN, NEW YORK CITY POLICE SERGEANT MUGGEO, NEW YORK CITY POLICE OFFICER SEDER and NEW YORK CITY POLICE DETECTIVE WELDON, were acting for and on behalf of THE NEW YORK CITY POLICE DEPARTMENT at all times relevant herein with the power and authority vested in them as Police Officers, agents and employees of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, and incidental to the lawful pursuit of their duties as Officers, employees and agents of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK.

9. Defendant CITY OF NEW YORK is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a Police Department which acts as its agent in the area of Law Enforcement and for which it is ultimately responsible. Defendant CITY OF NEW YORK assumes the risks incidental to the maintenance of a Police Department and

the employment of Police Officers as said risk attaches to the public consumers of the services provided by THE NEW YORK CITY POLICE DEPARTMENT.

10. THE NEW YORK CITY POLICE DEPARTMENT, while not a named Defendant, is nevertheless a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to carry out all police functions for Defendant CITY OF NEW YORK and assumes the risk incidental to the maintenance of a police force and the employment of Police Officers, including the named Defendant Officers.

## STATEMENT OF FACTS

### First Incident

11. On June 16, 2014 at approximately 6:00 a.m., Plaintiffs KEISHA CORBETT and ANTHONY CORBETT, who are mother and son, were informed that earlier in the day their relative, Quandrel Smothers, had been shot by members of THE NEW YORK CITY POLICE DEPARTMENT involved in a police shooting in Kings County near the Plaintiff's residence, in the vicinity of Siclen Avenue. Upon arriving at the location, the Plaintiffs observed the area taped by members of THE NEW YORK CITY POLICE DEPARTMENT, however the Plaintiffs did not observe their relative. The Plaintiffs approached the police tape, however prior to reaching the tape Defendant NEW YORK CITY POLICE SERGEANT PAUL MUGGEO approached Plaintiff ANTHONY CORBETT and ordered him to step back. Defendant SERGEANT MUGGEO then took Plaintiff ANTHONY CORBETT by the arm and began escorting him away from the taped location. As Plaintiff ANTHONY CORBETT followed the order of Defendant SERGEANT MUGGEO he turned around and observed Defendant NEW YORK CITY POLICE OFFICER MELCHOR ALBAN physically grabbing Plaintiff KEISHA CORBETT by the arm. Defendant

—4—

NEW YORK CITY POLICE OFFICER MELCHAN then twisted the arm of Plaintiff KEISHA CORBETT, and pushed her up against a car and placed Plaintiff KEISHA CORBETT in handcuffs. When Plaintiff ANTHONY CORBETT complained about the way his mother, Plaintiff KEISH CORBETT was being treated by Defendant NEW YORK CITY POLICE OFFICER MELCHAN, Defendant NEW YORK CITY POLICE SERGEANT MUGGEO punched Plaintiff ANTHONY CORBETT on the left side of Plaintiff ANTHONY CORBETT'S face, causing Plaintiff ANTHONY CORBETT pain. The Plaintiffs were then handcuffed and physically searched by members of the NEW YORK CITY POLICE DEPARTMENT. The Plaintiff were then taken to the 75th Precinct, where they were subjected to another physical search by members of THE NEW YORK CITY POLICE DEPARTMENT. The Plaintiffs were subsequently transported from the 75th Precinct to Central Booking, where they were physically searched again by members of THE NEW YORK CITY POLICE DEPARTMENT. The Plaintiffs were each subsequently charged with violating Penal Law Section 195.05, Obstruction of Governmental Administration, and Resisting Arrest. Plaintiff ANTHONY CORBETT was in the custody of THE NEW YORK CITY POLICE DEPARTMENT for approximately thirty hours, prior to his release from custody. Plaintiff KEISHA CORBETT, who was treated by EMS at Central Booking prior to her release, retained counsel to defend herself against the charges levied by Defendant NEW YORK CITY POLICE OFFICER ALBAN. As a result of the injury to her arm caused by Defendant NEW YORK CITY POLICE OFFICER ALBAN, Plaintiff KEISHA CORBETT missed time from work, and experienced physical injury, pain and discomfort to her arm and was caused considerable emotional upset and alarm, as was Plaintiff ANTHONY CORBETT.

**Second Incident**

On August 18, 2014 at approximately 6:00 p.m. Plaintiff ANTHONY CORBETT was in the vicinity of Merrill Street in Queens County speaking with Plaintiff's friend and Plaintiff's friends' father when members of THE NEW YORK CITY POLICE DEPARTMENT, including Defendant NEW YORK CITY POLICE DETECTIVE JOSEPH WELDON, approached the Plaintiff and asked the Plaintiff and his companions, in some and substance, "what's going on?" The Plaintiff's friend informed the Officers that they were speaking with his father. Plaintiff ANTHONY CORBETT'S friend's father then produced identification. Defendant DETECTIVE WELDON then proceeded to place handcuffs on Plaintiff ANTHONY CORBETT, and placed Plaintiff in an unmarked black Impala. Plaintiff ANTHONY CORBETT asked Defendant DETECTVIE WELDON and his partner why he was being arrested, whereupon Defendant OFFICER DOE stated in sum and substance: "guilt by association". Plaintiff ANTHONY CORBETT was then taken to the 113th Precinct where he was searched by members of the NEW YORK CITY POLICE DEPARTMENT. Plaintiff ANTHONY CORBETT was subsequently transported to Central Booking where he was subjected to another search of his person by members of THE NEW YORK CITY POLICE DEPARTMENT. Plaintiff ANTHONY CORBETT remained in the custody of THE NEW YORK CITY POLICE DEPARTMENT for approximately twenty one hours before being released from custody, without seeing a lawyer or Judge, and without ever being informed of why he was arrested. Plaintiff ANTHONY CORBETT subsequently received correspondence from Assistant District Attorney Shlomit Metz of the QUEENS COUNTY DISTRICT ATTORNEY'S OFFICE, that the Plaintiff's arrest by Defendant NEW YORK CITY POLICE DETECTIVE WELDON, was "dismissed by this Office prior to Criminal Court arraignment". As a result of the alleged conduct of Defendant NEW YORK CITY POLICE DETECTIVE WELDON, Plaintiff ANTHONY CORBETT suffered extreme

personal upset and public humiliation and embarrassment.

## FIRST FEDERAL CLAIM

**Violation of the Rights Secured by Section 42 U.S.C. 1983 and the Fourth and Fourteenth Amendments to the United States Constitution, False Arrest.**

12. The Plaintiffs incorporate by reference the allegations set forth in paragraphs One (1) through Eleven (11) as if fully set forth herein.

13. Upon information and belief, the conduct of Defendant NEW YORK CITY POLICE OFFICER MELCHOR ALBAN, acting under color of State Law, violated section 42 U.S.C. 1983 by unlawfully arresting the Plaintiff KEISHA CORBETT, without lawful cause or reason.

14. That the actions of Defendant NEW YORK CITY POLICE OFFICER MELCHOR ALBAN occurred in and during the course and scope of his duties and functions as a New York City Police Officer, and while acting as an agent and employee of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, resulting in the aforementioned and hereinafter mentioned harm to Plaintiff KEISHA CORBETT.

## SECOND FEDERAL CLAIM

**Violation of rights secured by Section 42 U. S.C. 1983 and the Fourteenth Amendment to the United States Constitution, Excessive Force**

15. The Plaintiffs incorporate by reference the allegations set forth in paragraphs One (1) through Fourteen (14) as if fully set forth herein.

16. Upon information and belief, the conduct of Defendant NEW YORK CITY POLICE OFFICER MELCHOR ALBAN acting under color of State Law violated Section 42 U.S.C. 1983 by unlawfully using Excessive Force upon Plaintiff KEISHA CORBETT by twisting Plaintiff KEISHA

CORBETT'S arm behind her back causing injury to Plaintiff KEISHA CORBETT without lawful reason or cause.

17. That the actions of Defendant NEW YORK CITY POLICE OFFICER MELCHOR ALBAN occurred in and during the scope of his duties and functions as a New York City Police Officer, and while acting as an agent and employee of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK resulting in the aforementioned and hereinafter mentioned harm to Plaintiff.

## THIRD FEDERAL CLAIM

**Violation of the rights secured by Section 42 U.S.C. 1983 and the Fourth and Fourteenth Amendments to the United States Constitution- False Arrest**

18. The Plaintiff incorporates by reference the allegations set forth in paragraphs One (1) through Seventeen (17) as if fully set forth herein.

19. Upon information and belief, the conduct of Defendant NEW YORK CITY POLICE OFFICER JAMES SEDE R and SERGEANT PAUL MUGGEO acting under color of State Law violated Section 42 U.S.C. 1983 by unlawfully handcuffing Plaintiff ANTHONY CORBETT and placing him under arrest, without lawful reason or cause.

20. That the actions of Defendant(s) NEW YORK CITY POLICE OFFICER JAMES SEDER and SERGEANT PAUL MUGGEO occurred in and during the scope of their duties and functions as New York City Police Officers, and while acting as agents and employees of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK resulting in the aforementioned and hereinafter mentioned harm to Plaintiff ANTHONY CORBETT..

## FOURTH FEDERAL CLAIM

**Violation of the rights secured by section 42 U.S.C. 1983 and the Fourth and Fourteenth Amendments to the United States Constitution- Excessive Force**

21. The Plaintiff incorporates by reference the allegations set forth in paragraphs One (1) through Twenty (20) as if fully set forth herein.

22. Upon information and belief, the conduct of NEW YORK CITY POLICE SERGEANT PAUL MUGGEO acting under color of State law, violated Section 42 U.S.C. 1983 by unlawfully using excessive force upon Plaintiff ANTHONY CORBETT without lawful reason or cause by punching the Plaintiff in the face.

23. That the actions of Defendant NEW YORK CITY POLICE SERGEANT PAUL MUGGEO occurred in and during the scope of his duties and functions as a New York City Police Officer, and while acting as an agent and employee of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, resulting in the aforementioned and hereinafter mentioned harm to the Plaintiff.

## FIFTH FEDERAL CLAIM

**Violation of the Rights Secured by Section 42 U.S.C. 1983 and the Fifth and Fourteenth Amendments to the United States Constitution- False Arrest**

24. The Plaintiffs incorporate by reference the allegations set forth in Paragraphs One (1) through Twenty Three (23) as if fully set forth herein.

25. Upon information and belief, the conduct of Defendant NEW YORK CITY POLICE DETECTIVE JOSEPH WELDON, acting under color of State Law, on August 18, 2014, violated Section 42 U.S.C. 1983 by unlawfully arresting Plaintiff ANTHONY CORBETT without lawful reason or cause.

26. That the actions of Defendant NEW YORK CITY POLICE DETECTIVE JOSEPH WELLDON occurred in and during the course and scope of his duties, functions and employment as a New York City Police Officer, and while acting as an agent and employee of the NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, resulting in the aforementioned and hereinafter mentioned harm to Plaintiff ANTHONY CORBETT.

## FIRST STATE LAW CLAIM

27. The Plaintiffs incorporate by reference each of the allegations contained in paragraphs One (1) through Twenty Six (26) as if fully set forth herein.

28. That the actions of Defendant CITY OF NEW YORK, by negligently hiring, training, screening, supervising and/or instructing Defendant NEW YORK CITY POLICE OFFICER MELCHOR ALBAN resulted in physical injury to Plaintiff KEISHA CORBETT, and causing the aforementioned and hereinafter mentioned harm to Plaintiff KEISHA CORBETT.

## SECOND STATE LAW CLAIM

29. The Plaintiffs incorporate by reference each of the allegations contained in paragraphs One (1) through Twenty Eight (28) as if fully set forth herein.

30. That the actions of Defendant CITY OF NEW YORK, by negligently hiring, training, screening, supervising and/or instructing Defendant NEW YORK CITY POLICE SERGEANT PAUL MUGGEO resulted in physical injury to Plaintiff ANTHONY CORBETT, and causing the aforementioned and hereinafter mentioned harm to Plaintiff ANTHONY CORBETT.

## THIRD STATE LAW CLAIM

31. The Plaintiffs by incorporate by reference each of the allegations contained in paragraphs One (1) through Thirty (30) as if fully set forth herein

32. That the Defendant CITY OF NEW YORK, through the doctrine of Respondeat Superior, is liable for the actions of Defendant NEW YORK CITY POLICE OFFICERS MELCHOR ALBAN, SERGEANT PAUL MUGGEO, JAMES SEDER, and NEW YORK CITY POLICE DETECTIVE JOSEPH WELDON which resulted in the false arrests, detention, photographs and searches of the Plaintiffs, public humiliation and embarrassment, emotional distress and the incurrence of monetary damages, and resulting in the aforementioned and hereinafter mentioned harm to the Plaintiffs.

## FOURTH STATE LAW CLAIM

33. The Plaintiffs incorporate by reference each of the allegations contained in paragraphs One (1) through Thirty Two (32) as if fully set forth herein.

34. That the actions of Defendant NEW YORK CITY POLICE OFFICER MELCHOR ALBAN, resulted in the intentional assault of Plaintiff KEISHA CORBETT, resulting in physical injury to Plaintiff KEISHA CORBETT causing the aforementioned and hereinafter mentioned harm to Plaintiff KEISHA CORBETT.

## FIFTH STATE LAW CLAIM

35. The Plaintiffs incorporate by reference each of the allegations contained in paragraphs One (1) through Thirty Four (34) as if fully set forth herein.

36. That the actions of Defendant NEW YORK CITY POLICE SERGEANT PAUL MUGGEO, resulted in the intentional assault of Plaintiff ANTHONY CORBETT, resulting in physical injury to Plaintiff ANTHONY CORBETT, causing the aforementioned and hereinafter mentioned harm to Plaintiff ANTHONY CORBETT.

**WHEREFORE,** the Plaintiffs demands the following relief jointly and severably against all Defendants:

1. Compensatory Damages for Plaintiffs KEISHA CORBETT and ANTHONY CORBETT.

2. Punitive Damages against Defendants NEW YORK CITY POLICE OFFICERS MELCHOR ALBAN, SERGEANT PAUL MUGGEO, OFFICER JAMES SEDER and DETECTIVE JOSEPH WELDON.

3. A Court Order pursuant to 42 U.S.C. 1998 that the Plaintiffs are entitled to costs of the instant action, and Attorney's fees.

4. Such other and further relief as the Court may deem necessary and appropriate, including declaratory relief.

Dated: February 12, 2016
New York, NY

VICTOR M. BROWN, ESQ.
(VB-5289)
Attorney for Plaintiffs
11 Park Place, Suite 600
New York, NY 10007
(212) 227-7373
Fax(212) 227-2330
E: vbrownlaw@yahoo.com